UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ABBOTT LABORATORIES, an Illinois corporation,

    Plaintiff,

vs.

ANDRX CORPORATION, a Florida corporation, ANDRX PHARMACEUTICALS, INC., a Florida corporation, and ANDRX PHARMACEUTICALS L.L.C., a Virginia limited liability company,

    Defendants.
_____/

Case No. 00-7072-CIV-~~Ferguson~~ Highsmith

Magistrate Judge Snow

## ANSWER AND AFFIRMATIVE DEFENSES OF ANDRX PHARMACEUTICALS, L.L.C.

Defendant, Andrx Pharmaceuticals, L.L.C. (hereinafter "Andrx"), by its attorneys, hereby submits as its Answer and Affirmative Defenses to the Complaint herein the following:

1. Denies information sufficient to form a belief as to the allegations contained in paragraph 1 of the Complaint.

2. Admits the allegations contained in paragraph 2 of the Complaint.

3. Denies the allegations contained in paragraph 3 of the complaint, except admits that Andrx Pharmaceuticals, Inc. is a corporation organized under the laws of the State of Florida, having its headquarters and principal place of business at 4001 Southwest 47th Avenue, Fort Lauderdale, FL 33314, that Andrx Pharmaceuticals, Inc. is a wholly owned subsidiary of Andrx Corporation, that Andrx Pharmaceuticals, Inc. develops bioequivalent versions of brand-name

pharmaceuticals, that Andrx Pharmaceuticals, Inc. developed the "Divalproex Sodium Delayed-release Tablets" that are the subject of Abbreviated New Drug Application ("ANDA") No. 75-770 and that Andrx Pharmaceuticals, Inc. filed ANDA No. 75-770 with the Food and Drug administration ("FDA").

4. Denies the allegations contained in paragraph 4 of the complaint, except admits that Andrx Pharmaceuticals, L.L.C. is a limited liability company organized under the laws of the Commonwealth of Virginia on or about February 10, 2000, that Andrx Pharmaceuticals, L.L.C. is a wholly owned subsidiary of Andrx Pharmaceuticals, Inc. and that Andrx Pharmaceuticals, L.L.C. has a place of business at 707 East Main Street, 11th floor, Richmond VA 23219.

5. Admits the allegations contained in paragraph 5 of the Complaint.

6. Denies the allegations contained in paragraph 6 of the Complaint.

7. Denies information sufficient to form a belief as to the allegations contained in paragraph 7 of the Complaint, except admits that DEPAKOTE® can be used for the treatment of epileptic seizures or convulsions, bipolar disease and migraine headaches.

8. Denies information sufficient to form a belief as to the allegations contained in paragraph 8 of the Complaint, except admits that DEPAKOTE® is included in the FDA's list of "Approved Drug Products With Therapeutic Equivalence Evaluations," also known as the "Orange Book," and that drug products listed in the Orange Book may be used as a basis of a later applicant's ANDA to obtain approval of the ANDA applicant's generic drug under 21 U.S.C. § 355(j).

9. Denies information sufficient to form a belief as to the allegations contained in paragraph 9 of the Complaint, except admits that United States Patent No. 4,988,731 ("the '731

patent") was issued on January 29, 1991, that the '731 patent originated with a patent application filed on August 20, 1979 and that a copy of the '731 patent is attached as Exhibit A to the Complaint. Andrx denies that the '731 patent was duly and legally issued and denies that the '731 patent will remain in full force and effect until January 29, 2008.

10. Denies information sufficient to form a belief as to the allegations contained in paragraph 10 of the Complaint, except admits that United States Patent No. 5,212,326 ("the '326 patent") was issued on May 18, 1993, that the '326 patent issued as a result of a patent application filed in January 1991 and that a copy of the '326 patent is attached as Exhibit B to the Complaint. Andrx denies that the '326 patent was duly and legally issued and that the '326 patent will remain in full force and effect until January 29, 2008.

11. Denies information sufficient to form a belief as to the allegations contained in paragraph 11 of the Complaint.

12. Denies information sufficient to form a belief as to the allegations contained in paragraph 12 of the Complaint, except admits that the '731 and '326 patents are listed in the Orange Book in association with DEPAKOTE®.

13. Denies information sufficient to form a belief as to the allegations contained in paragraph 13 of the Complaint.

14. Admits the allegations contained in paragraphs 14 and 15 of the Complaint.

15. Denies the allegations contained in paragraphs 16 and 17 of the Complaint.

16. Denies the allegations contained in paragraph 18 of the Complaint, except admits that Andrx Pharmaceuticals, L.L.C. has a place of business at 707 East Main Street, 11th Floor, Richmond, Virginia 23219.

3

ISICOFF & RAGATZ, P.A. / 1101 Brickell Avenue, Suite 800 South Tower, Miami, Florida 33131, Tel: (305) 373-3232, Fax: (305) 373-3233

17. Denies the allegations contained in paragraph 19 of the Complaint, except admits that Andrx Pharmaceuticals, L.L.C. has a place of business at 707 East Main Street, 11th Floor, Richmond, Virginia 23219 and that the LeClair Ryan law firm also conducts business at the same address.

18. Denies information sufficient to form a belief as to the allegations contained in paragraph 20 of the Complaint, except admits that on March 1, 2000, Andrx Pharmaceuticals, L.L.C. sent a letter to Abbott Laboratories indicating that Andrx Pharmaceuticals, L.L.C. had filed ANDA No. 75-770 with the FDA requesting FDA approval to market "Divalproex Sodium Delayed-release Tablets" in a 500mg dosage strength before the expiration of the '731 and '326 patents.

19. Deny information sufficient to form a belief as to the allegations contained in paragraph 21 of the complaint, except admit that on June 16, 2000, Andrx Pharmaceuticals, L.L.C. sent a letter to Abbott Laboratories indicating that Andrx Pharmaceuticals, L.L.C. had filed ANDA No. 75-770 with the FDA requesting FDA approval to market "Divalproex Sodium Delayed-release Tablets" in a 250 mg dosage strength before the expiration of the '731 and '326 patents.

20. Admits the allegations contained in paragraphs 22-24 of the Complaint.

21. Denies the allegations contained in paragraphs 25 of the Complaint, except admits that the Notices that Andrx Pharmaceuticals, L.L.C. sent to Abbott Laboratories were sent from the offices of Andrx Corporation in Fort Lauderdale, FL and that the Notices had the return address of Andrx Corporation, 4001 S.W. 47th Avenue, Fort Lauderdale, FL 33314.

22. Denies the allegations contained in paragraph 26 of the Complaint, except admits that Andrx Corporation issued the press release attached as Exhibit C to the Complaint.

23. Andrx repeats and incorporates by reference each and every response contained in paragraphs 1-22 of this Answer in response to the allegations contained in paragraph 27 of the Complaint as if fully set forth herein.

24. Denies the allegations contained in paragraphs 28-31.

25. Andrx repeats and incorporates by reference each and every response contained in paragraphs 1-24 of this Answer in response to the allegations contained in paragraph 32 of the Complaint as if fully set forth herein.

26 Denies the allegations contained in paragraphs 33-36.

Andrx denies each and every allegation of the Complaint not expressly admitted above.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

27. This court lacks personal jurisdiction over Andrx L.L.C.

### SECOND AFFIRMATIVE DEFENSE

28. Venue is improper in this District with respect to Andrx L.L.C. pursuant to 28 U.S.C. § 1400(b).

### THIRD AFFIRMATIVE DEFENSE

29. Andrx has not infringed any valid claim of the '731 patent.

### FOURTH AFFIRMATIVE DEFENSE

30. Upon information and belief, Andrx alleges that the '731 patent is invalid because the difference between the subject matter of the '731 patent claims as asserted by the Plaintiff and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art.

## FIFTH AFFIRMATIVE DEFENSE

31.     Upon information and belief, Andrx alleges that the '731 patent as asserted by the Plaintiffs is invalid since the alleged invention, discovery or improvement was described and fully disclosed in patents or in printed publications in this or a foreign country before the alleged invention thereof by the applicants for the '731 patent.

## SIXTH AFFIRMATIVE DEFENSE

32.     Upon information and belief, Andrx alleges that the '731 patent is invalid since it was not obtained in a manner consistent with the provisions of title 35 of the United States Code, more specifically for failure to comply with one or more of the conditions for patentability set forth in 35 U.S.C. § 112.

## SEVENTH AFFIRMATIVE DEFENSE

33.     Andrx has not infringed any valid claim of the '326 patent.

## EIGHTH AFFIRMATIVE DEFENSE

34.     Upon information and belief, Andrx alleges that the '326 patent is invalid because the difference between the subject matter of the '326 patent claims as asserted by the Plaintiff and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art.

## NINTH AFFIRMATIVE DEFENSE

35.     Upon information and belief, Andrx alleges that the '326 patent as asserted by the Plaintiffs is invalid since the alleged invention, discovery or improvement was described and fully disclosed in patents or in printed publications in this or a foreign country before the alleged invention thereof by the applicants for the '326 patent.

ISICOFF & RAGATZ, P.A. / 1101 Brickell Avenue, Suite 800 South Tower, Miami, Florida 33131, Tel: (305) 373-3232, Fax: (305) 373-3233

## TENTH AFFIRMATIVE DEFENSE

36. Upon information and belief, Andrx alleges that the '326 patent is invalid since it was not obtained in a manner consistent with the provisions of title 35 of the United States Code, more specifically for failure to comply with one or more of the conditions for patentability set forth in 35 U.S.C. § 102, 103 and 112.

**WHEREFORE**, Andrx Pharmaceuticals, L.L.C. demands:

A. that the Complaint filed herein be dismissed and that the Plaintiff have and recover nothing by reason thereof;

B. that this case be adjudged and decreed an exceptional case under 35 U.S.C. §285 and that Andrx be entitled to recover reasonable attorneys' fees and costs incurred in this action; and

C. such other and further relief as the Court deems just and equitable.

| Of Counsel: | Respectfully submitted, |
|---|---|
| James V. Costigan, Esq.<br>Martin P. Endres, Esq.<br>HEDMAN, GIBSON & COSTIGAN, P.C.<br>1185 Avenue of the Americas<br>New York, New York 10036<br>(212) 302-8989 | ISICOFF & RAGATZ, P.A.<br>1101 Brickell Avenue<br>Suite 800 South Tower<br>Miami, Florida 33131<br>(305) 373-3232<br><br>By: _____<br>Eric D. Isicoff<br>Florida Bar No. 372201 |

7

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via United States Mail upon: John F. O'Sullivan, Esq., Akerman, Senterfitt & Edison, P.A., One Southeast Third Avenue, 28th Floor, Miami, Florida 33131 and Daniel E. Reidy, Esq., James R. Daly, Esq., Jones, Day, Reavis & Pogue, 77 West Wacker, Suite 3500, Chicago, IL 60601-1692 this 21 day of August, 2000.

_____
Eric D. Isicoff

W:\IRDOC\ANDRX\Abbott\ple\9ediANSWER.wpd

ISICOFF & RAGATZ, P.A. / 1101 Brickell Avenue, Suite 800 South Tower, Miami, Florida 33131, Tel: (305) 373-3232, Fax: (305) 373-3233